IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DYLAN PATRICK CURTIN,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 19-135-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On December 9, 2019, Petitioner Dylan Patrick Curtin filed this action under 28 U.S.C. § 2254.[1] Curtin is a state prisoner proceeding pro se. For the reasons set forth below, Curtin's petition should be dismissed.

**I.   28 U.S.C. § 2254 Petition**

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Mr. Curtin's claim is unexhausted, his petition should be dismissed without prejudice.

I.   **Background/Curtin's Claim**

In June of 2019, Curtin entered guilty pleas in two separate criminal matters in Montana's Thirteenth Judicial District, Yellowstone County. (Doc. 1 at 2-3.) Curtin was convicted of Burglary, Resisting Arrest, and Sexual Intercourse without Consent. For the Sexual Intercourse without Consent charge, Cause No. DC 18-0169, Curtin was sentenced to twenty-years at the Montana State Prison (MSP), with ten of the years suspended; in the Burglary matter, Cause No. DC 17-1506, Curtin received a ten-year prison sentence, which was ordered to run concurrently with the Sexual Intercourse without Consent sentence. *Id.*[2]

Curtin alleges that the Montana Department of Corrections (DOC) has incorrectly calculated his parole eligibility date. *Id*. at 4, ¶ 13(A). Curtin explains that both of his cases run concurrently; accordingly, his total time at MSP is 10 years. Curtin asserts his parole eligibility date should be July 31, 2020, after consideration of good time and the credit for jail time he served prior to

---

[2] See also, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3026955 (accessed January 16, 2020).

sentencing. *Id.* But Curtin claims the DOC has calculated his earliest parole date as December 11, 2021, extending his sentence by more than one year. *Id.*; see also, (Doc. 2.)

Curtin asks this Court to order the state court to adjust his time to reflect a parole date of July 31, 2020. *Id.* at 7, ¶ 17.

## II. Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d

1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id*. *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has never considered the claim Curtin attempts to advance. By Curtin's own admission he has not presented his claim to the Montana Supreme Court. *Id*. at 4, ¶ 13(A)(ii). Curtin provides this Court with no explanation regarding his failure to do so. *Id*. at 5, ¶ 13(A)(iv). Before Curtin can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Curtin has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing Curtin to return to this Court if and when he fully exhausts the claims relative to his current custody.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Curtin has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Curtin's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Curtin may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Curtin must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 18th day of February, 2020.

      */s/ Timothy J. Cavan*
      Timothy J. Cavan
      United States Magistrate Judge